UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL NO. 3:10cr68(JCH) |
| | : | |
| v. | : | |
| | : | |
| KENNETH ZRALLACK, et al. | : | April 5, 2010 |

GOVERNMENT'S MOTION FOR PRETRIAL DETENTION

Pursuant to Title 18, United States Code, Sections 3142(e) and (f), the Government hereby requests that the WILLIAM R. BOLTON be ordered detained prior to trial.

I.  Eligibility of Case

This case is eligible for pretrial detention because it involves:

  X   a crime of violence as defined in Title 18, United States Code, Section 3156[1];

  ___  an offense for which the maximum sentence is life imprisonment or death;

  ___  an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act (21 U.S.C. § 801 et seq.), the Controlled Substances Import and Export Act (21 U.S.C. § 951 et seq.), or section 1 of the Act of September 15, 1980 (21 U.S.C. § 955a);

---

[1] The charges against defendant Bolton are all deemed crimes of violence for purposes of the Bail Reform Act. By its elements, viz., "by robbery or extortion or . . . commi[ssion] or threat [of] physical violence," Hobbs Act conspiracy, 18 U.S.C. § 1951, is a crime of violence. Also, conspiracy to commit a crime of violence is deemed a crime of violence under the Bail Reform Act.. See, e.g., United States v. Mitchell, 23 F.3d 1, 3 (1st Cir. 1994); United States v. Chimurenga, 760 F.2d 400 (2d Cir.1985). Cf. United States v. Dillard, 214 F.3d 88, 89 (2d Cir. 2000) (possession of a firearm by a convicted felon, 18 U.S.C. § 922(g)).

    ___    any felony committed after the defendant has been convicted of two or more of the prior two offenses or two or more State or local offenses that would have been one of the prior two offenses if a circumstance giving rise to Federal jurisdiction had existed;

    ___    a serious risk that the defendant will flee; and/or

    ___    a serious risk that the defendant will obstruct or attempt to obstruct justice, or threaten injure, or intimidate, or attempt to threaten, injure, or intimidate, a prospective witness or juror.

II.    <u>Reason for Detention</u>

The court should detain defendant because there are no conditions of release which will reasonably assure:

    ___    the defendant's appearance as required; and/or

    _X_    the safety of any other person and the community.

III.    <u>Rebuttable Presumption</u>

The Government will not invoke the rebuttable presumption against the defendant under Title 18, United States Code, Section 3142(e).

IV.    Time for Detention Hearing

The Government requests that the court conduct the detention hearing:

   \_\_\_   at the defendant's first appearance;

   _X_   after a continuance of 3 days.

Respectfully submitted,

NORA R. DANNEHY
UNITED STATES ATTORNEY

/s/ Henry K. Kopel

HENRY K. KOPEL
ASSISTANT UNITED STATES ATTORNEY
Fed. Bar No. ct24829
157 Church Street, 23d Floor
New Haven, CT  06510
(203) 821-3700

CERTIFICATE OF SERVICE

  This is to certify that I hand-delivered a copy of the foregoing, on April 5, 2010, in court to Alexander H. Schwartz, Esq., counsel for defendant William R. Bolton.

         /s/ Henry K. Kopel
         _____
         Assistant U.S. Attorney